UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 96-4224

JOHN GREEN, a/k/a Javon Rhymel,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
Glen M. Williams, Senior District Judge.
(CR-95-109-R(H))

Argued: May 9, 1997

Decided: June 19, 1997

Before HAMILTON and MOTZ, Circuit Judges, and
CURRIE, United States District Judge for the
District of South Carolina, sitting by designation.

_____

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Michelle Jeanette Anderson, Supervising Attorney,
Appellate Litigation Program, GEORGETOWN UNIVERSITY LAW
CENTER, Washington, D.C., for Appellant. Donald Ray Wolthuis,
Assistant United States Attorney, Roanoke, Virginia, for Appellee.
**ON BRIEF:** Steven H. Goldblatt, William L. Elder, Student Counsel,

William R. Hollaway, Student Counsel, Appellate Litigation Program, GEORGETOWN UNIVERSITY LAW CENTER, Washington, D.C., for Appellant. Robert P. Crouch, Jr., United States Attorney, Tim Callahan, Third-Year Law Intern, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury convicted John Green of possession with intent to distribute cocaine base in violation of 21 USCA § 841(a)(1) and (b) (West 1997), conspiracy to commit this crime in violation of the same statutes and 21 USCA § 846 (West 1997), and being a felon in possession of a firearm in violation of 18 USCA § 922(g)(1) (West 1997) and § 924(a)(2) (West 1997). The district court sentenced Green to a term of 240 months imprisonment. Green appeals, challenging his convictions and sentence. We affirm Green's convictions but, because the record does not support the district court's factual finding as to the amount of drugs attributable to Green for sentencing purposes, we must vacate his sentence and remand for resentencing.

I.

Initially, Green asserts that the district court admitted numerous guns of little probative value, which severely prejudiced him, and that the prosecutor improperly commented on Green's involvement with guns and drugs during closing argument.

As Green concedes, four of the guns admitted into evidence were clearly relevant to the charges against him. He asserts, however, that he was prejudiced by the introduction of fourteen additional guns. Although the additional guns were clearly less relevant, we cannot

2

find that their admission was so prejudicial as to constitute an abuse of discretion in view of the abundant, clearly relevant evidence the Government presented as to Green's possession of a firearm. See United States v. Whittington, 26 F.3d 456, 465 (4th Cir. 1994).

At trial, the Government produced evidence that Green carried a handgun to control drug purchases and that he kept a gun loaded at the head of his bed for self-protection. Moreover, evidence at trial demonstrated that one more gun, two empty boxes for Makarov guns, and three boxes of ammunition were found in Green's room. The Government also tendered receipts, which indicated that Green's drug customers purchased many of these firearms for him; their names appeared in a drug ledger notebook also found in Green's room. This evidence overwhelmingly proved that Green, a convicted felon, possessed a firearm. Thus, admission of evidence as to the additional firearms did not result in such prejudice as to constitute an abuse of discretion.

Nor, contrary to Green's assertions, did the Government's repeated references to the guns in closing argument constitute error. The statements that Green complains of include "[the purpose of this trial] is to determine whether or not [Darryl Curtis, a co-defendant] and John Green were out there in Craigsville dealing crack cocaine and possessing firearms," and "[Curtis' testimony shows that Green was] guilty of dealing crack cocaine and possessing guns in furtherance of that." Green asserts that the prosecutor explicitly invited the jury to draw an improper inference that Green was involved in a more complex guns-for-drugs conspiracy than the evidence supports.

This argument fails because, as Green concedes, the Government did present evidence that Green was involved in trading guns for drugs. Specifically, a drug customer testified that Curtis and Green "needed their money to go up to New York, and if I couldn't do nothing else, to get them the gun--get them this .45, that they could use it to trade." Moreover, as noted, the notebook found in Green's room also indicated that Green and Curtis traded drugs for guns. Therefore, the prosecutor's statements were not improper nor did they deny Green the right to a fair trial.

3

II.

Green also challenges the sufficiency of the evidence supporting his conviction of possession with the intent to distribute cocaine base. The claim is meritless.

The Government introduced evidence that on July 18, 1995, a confidential informant telephoned Curtis and asked to purchase three "eight balls." At Curtis' instruction, Green looked into their refrigerator to see if they had that much cocaine. Clearly, Green knew when he looked in the refrigerator that Curtis was keeping cocaine inside. Moreover, there was evidence that Green traveled with Curtis to sell crack to the informant. Green took a firearm with him on the sales trip because he feared that he and Curtis might be robbed. Certainly, a rational jury could infer from the totality of the evidence that Green possessed and intended to distribute cocaine base under an aiding and abetting theory. See, e.g., United States v. Durrive, 902 F.2d 1221, 1229 (7th Cir. 1990).

III.

Finally, Green asserts that the district court erred in determining the quantity of drugs to be attributed to him for sentencing purposes. We review findings as to the quantity of drugs for clear error. See United States v. Hyppolite, 65 F.3d, 1151, 1158 (4th Cir. 1995), cert. denied, 116 S. Ct. 1558 (1996). "When the amount of drugs for which a defendant is to be held responsible is disputed, the district court must make an independent resolution of the factual issue at sentencing." United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir. 1993) (citing U.S.S.G. § 6A1.3(b)). "The Government bears the burden of proving by a preponderance of the evidence the quantity of drugs for which a defendant should be held accountable at sentencing." Id. (citing United States v. Goff, 907 F.2d 1441, 1444 (4th Cir. 1990)).

Although the Government may meet this burden in several ways, here the district court based its finding exclusively on the presentence report. Specifically, eschewing any other basis for making its determination as to the quantity of drugs, the district court sentenced Green based on the probation officer's determination recorded in the presentence report that Green had been involved in the purchase and distri-

4

bution of 113.4 grams of cocaine base. Green objected to these findings.

Examination of the report demonstrates that Green's objections were well founded -- the findings in the report were erroneous. The report explained that 113.4 grams of cocaine base were attributed to Green based on testimony that on at least five occasions, Green and Curtis pooled their money together and purchased a total of four ounces (113.4 grams) of cocaine base but, in fact, the testimony at trial indicated only that Green and Curtis purchased 81.9 grams of powder cocaine and distributed 18.13 grams of cocaine base and 2.89 grams of powder.

On appeal, the Government does not attempt to defend the findings made in the presentence report but offers no less than five different theories on which the district court could have properly concluded that Green was responsible for more than 50 grams of cocaine base. We, of course, cannot consider those theories. We must vacate the sentence and remand for resentencing. On remand, the Government must be given the opportunity to present any evidence it wishes as to the quantity of drugs for which it asserts Green should be held accountable. See Gilliam, 987 F.2d at 1015. Green, in turn, must be provided an opportunity to rebut this evidence. Id. The district court will then make an independent factual finding as to the proper quantity and impose a sentence consistent with its finding. Id.

AFFIRMED IN PART, VACATED
AND REMANDED IN PART

5